## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

United States of America,

                        Plaintiff/Respondent,

vs.

Eric Devon Lelance Hodo,

                        Defendant/Petitioner.

Criminal No.: 1:22-cr-00092
Civil No.: 1:25-cv-00241

## ORDER DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255

### INTRODUCTION

[¶ 1]    THIS MATTER comes before the Court on a Motion to Vacate under 28 U.S.C. § 2255 filed by the Defendant and Petitioner Eric Devon Lelance Hodo ("Hodo") on October 20, 2025. Doc No. 153. The United States filed a Response on December 17, 2025. Doc. No. 164. Hodo filed a Reply on February 17, 2026 and Supplement to the Reply on February 23, 2026. Doc. Nos. 178, 181. For the reasons set forth below, the Motion to Vacate is **DENIED.**

### BACKGROUND

[¶ 2]    On November 15, 2022, Hodo was charged in a Superseding Indictment with: (1) Count One - Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, (2) Count Two - Possession with Intent to Distribute Fentanyl, and (3) Count Four - False Statements and Representations. Doc. No. 10. Hodo proceeded to trial on the Superseding Indictment on January 9, 2024. Doc. No. 88. The United States presented six witnesses in its case-in-chief. See Doc. No. 88-1. During DEA Special Agent Jeffrey Buckles's testimony, the United States introduced evidence regarding hundreds of fentanyl pills seized from a hotel room in Minot,

North Dakota occupied by Hodo, co-defendant Jermeka Rogers, and a third individual on April 20, 2022. Doc. No. 126, pp. 98–106. The pills were seized from a safe inside the room, a coat inside the room, and from Rogers's person when she was booked into jail. Id. at 101–06. Special Agent Buckles later submitted the pills to the DEA's North Central Laboratory for analysis. Id. at 109–10. An analyst at the laboratory examined the pills, determined they contained fentanyl, and prepared a report of the examination for each group of pills seized. Id. The lab reports were admitted at trial without objection from Hodo. Id. at 110–11. The laboratory reports indicated each of the pills contained a mixture of fentanyl and acetaminophen, despite being marked as oxycodone 30 mg pills. Id. at 112–13; Doc. No. 127, p. 20.

[¶ 3]     The United States also presented testimony from Hennepin County Deputy Sheriff Steven Holt. Deputy Holt testified about his interaction with Hodo during a traffic stop on June 6, 2022, in Minneapolis, Minnesota. Doc. No. 127, pp. 126–27. Hodo was a front seat passenger in the stopped vehicle. Id. at 128. During the encounter, Hodo identified himself as Malik Payne, the same name he used to identify himself to Special Agent Buckles at the hotel in Minot in April 2022. Id. at 8–9, 128. Deputy Holt determined Hodo's true identity when Hodo was booked into jail. Id. at 128. A search of the vehicle was later conducted and agents located a baggie of approximately twenty fentanyl pills underneath Hodo's passenger seat. Id. at 128–33. During cross-examination, Deputy Holt testified he had observed another person place a firearm inside the vehicle, which he later located on the rear passenger seat. Id. at 137–38. Deputy Holt's testimony was submitted to the jury pursuant to Rule 404(b) of the Federal Rules of Evidence and the Court instructed the jury to this effect at the time the testimony was received and later in its Final Jury Instructions. Id. at 122–23; Doc. No. 86. The jury returned guilty verdicts as to all counts. Doc. No. 84.

[¶ 4]    The United States Probation Office prepared a Pre-Sentence Investigation Report ("PSR") prior to sentencing. Doc. No. 106. For Hodo's Offense Level, the Probation Officer assigned two offense levels pursuant to USSG § 2D1.1(b)(1) for possession of a firearm during commission of the offense, four levels pursuant to USSG § 2D1.1(b)(13) for knowingly misrepresenting/marketing as another substance a mixture or substance containing fentanyl, and two levels pursuant to USSG § 3C1.1 for obstruction of justice for Hodo's use of a fictitious name during the instant offense. Id. ¶¶ 16, 17, 20. With these upward adjustments added to the Base Offense Level, Hodo's initial adjusted offense level was thirty-two. Id. ¶ 21. However, the Probation Officer determined Hodo was a "career offender" pursuant to USSG § 4B1.1 based upon two prior felony convictions of either a crime of violence or a controlled substance offense. Id. ¶¶ 22, 48. Accordingly, Hodo's Total Offense Level was set at thirty-four and his Criminal History Category at VI. Id. ¶¶ 22, 24, 48. Hodo's Guideline sentencing range was 262 to 327 months imprisonment based on these factors. Id. ¶ 70.

[¶ 5]    In the "pending charges" section of the PSR, the Probation Officer noted Hodo had an active case in Hennepin County District Court, Docket No. 27-CR-22-10973, relating to the June 6, 2022 encounter Deputy Holt testified about during trial. Id. ¶ 50. The PSR noted Hodo was charged in that case with Drugs - 3rd Degree - Sale or Possession (Counts One and Two) and Giving Peace Officer False Name of Another Person (Count Three). Id. No criminal history points were assigned to these pending charges as part of the calculation of Hodo's Guideline sentencing range. Id.

[¶ 6]    A sentencing hearing was held on May 9, 2024. Doc. No. 116. Hodo objected to the upward adjustments for possession of a firearm and for knowingly misrepresenting or marketing fentanyl as another substance. Doc. No. 129, pp. 4–10. He did not object to the obstruction of justice

adjustment or the career offender classification. Id. at 10, 18. The Court overruled Hodo's objection to the possession of a firearm adjustment and granted the objection to the knowingly misrepresenting or marketing adjustment. Id. at 9–10. The Court ultimately sentenced Hodo to two hundred months imprisonment on Counts One and Two and sixty months on Count Four, with all time to run concurrently for a total of two hundred months imprisonment. Doc. No. 117.

[¶ 7]   On May 20, 2024, Hodo appealed his convictions to the Eighth Circuit Court of Appeals. Doc. No. 119. On appeal, Hodo challenged the admission of the evidence testified to by Deputy Holt under Rule 404(b) and challenged the sufficiency of the evidence for his conviction on Count Two for Possession with Intent to Distribute Fentanyl. United States v. Hodo, 2025 WL 314703, at *2 (8th Cir. Jan. 28, 2025). The Eighth Circuit found the Court did not abuse its discretion in admitting the evidence from Hodo's June 6, 2022 arrest in Minneapolis and there was sufficient evidence to support Hodo's conviction for Possession with Intent to Distribute Fentanyl. Id. at *4–7. Having rejected Hodo's claims on appeal, the Eighth Circuit affirmed Hodo's convictions. Id. at *7. Hodo did not seek further appeal of his convictions and instead filed this Section 2255 Motion on October 20, 2025. Doc. No. 153.

## DISCUSSION

[¶ 8]   Section 2255 provides a federal prisoner an avenue for relief if: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Aside from a constitutional or jurisdictional error, a Section 2255 movant must show a "fundamental defect" resulting in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Section 2255 does not provide a remedy

- 4 -

for "all claimed errors in conviction and sentencing." United States v. Sun Bear, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)). The permissible scope of non-constitutional and non-jurisdictional claims under § 2255 is severely limited. Sun Bear, 644 F.3d at 704.

## I.    Ground One: Newly Discovered Evidence

[¶ 9]   Hodo argues he has newly discovered evidence, the post-conviction dismissal of his Minnesota state charges related to his conduct on June 6, 2022, that entitles him to relief. Doc. No. 154, pp. 3–10. "When newly discovered evidence is the ground for a § 2255 motion, the Eighth Circuit has held the district court should apply the same substantive test which governs a motion for new trial under Fed. R. Crim. P. 33 premised on the same ground." Rouse v. United States, 14 F.4th 795, 800–01 (8th Cir. 2021) (quoting Lindhorst v. United States, 585 F.2d 361, 365 n.8 (8th Cir. 1978)). To prevail on a motion for new trial based on newly discovered evidence: (1) the evidence must have been discovered after the trial; (2) the failure to discover the evidence must not be attributable to a lack of diligence on the part of the petitioner; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be likely to produce an acquittal. United States v. Duke, 50 F.3d 571, 577 (8th Cir. 1995).

[¶ 10]  In this case, Hodo's claim for Ground One fails because he cannot demonstrate the post-conviction dismissal of his Minnesota state charges would likely have produced an acquittal at his trial. Contrary to Hodo's assertions, the United States did not present evidence of his "conviction" or pending state charges associated with his conduct on June 6, 2022. Doc. No. 154, pp. 3–10. Instead, as mentioned previously, the United States simply presented testimony regarding Deputy Holt's encounter with Hodo on June 6, 2022 in Minneapolis as evidence of an act similar in kind and close in time to the crime charged. Doc. No. 127, pp. 124–34. Accordingly, there is nothing

about the post-trial dismissal of Hodo's Minnesota charges that is material to the evidence presented at trial and would likely have produced an acquittal in this case. See Duke, 50 F.3d at 577.

[¶ 11]   Additionally, even if the Minnesota charges had been dismissed prior to trial, the United States would still have been able to introduce Deputy Holt's testimony. Rule 404(b) of the Federal Rules of Evidence prohibits the introduction of evidence of a defendant's other bad acts to prove a person's character. Fed. R. Evid. 404(b)(1). Evidence of other bad acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. (b)(2). Evidence is admissible under Rule 404(b) if (1) it is relevant to a material issue, (2) it is similar in kind and close in time to the crime charged, (3) it is supported by sufficient evidence, and (4) its probative value is not outweighed by any prejudicial impact. United States v. Steele, 550 F.3d 693, 700–01 (8th Cir. 2008). This burden of proof "is significantly less stringent than the beyond a reasonable doubt standard required in criminal prosecutions." United States v. Hazelett, 32 F.3d 1313 (8th Cir. 1994). Hence, even an acquittal on underlying charges that served as the basis for Rule 404(b) evidence does not prohibit introduction of the evidence at trial. See id. ("[T]he Ninth Circuit's holding that there was insufficient proof beyond a reasonable doubt does not preclude a finding in this [Eighth Circuit] prosecution that a preponderance of the evidence establishes [the defendant's] involvement in the [other] crime.").

[¶ 12] The same is true in this case. Deputy Holt's testimony pertaining to Hodo's false identification to officers and the fentanyl pills found under Hodo's seat was admissible under Rule 404(b), irrespective of whether Hodo's "newly discovered evidence" regarding the dismissal of the Minnesota charges was disclosed at trial or not. In fact, the Eighth Circuit specifically

- 6 -

determined there was sufficient proof of Hodo's conduct on June 6, 2022 in Minneapolis for admission of Deputy Holt's testimony at trial under Rule 404(b). Hodo, 2025 WL 314703, at *5 ("The June 6, 2022 evidence is also 'similar in kind and close in time to the crime charged,' is 'supported by sufficient evidence,' and has 'probative value' not 'outweighed by prejudicial impact.'").

[¶ 13]   Since Hodo cannot show the dismissal of his Minnesota state charges would have produced an acquittal at his trial, this claim for relief is **DENIED**.

## II.    Ground Two: Actual Innocence/Miscarriage of Justice

[¶ 14]   For Ground Two, Hodo effectively repeats his claim in Ground One but characterizes it as "actual innocence" and a "miscarriage of justice." Doc. No. 154, pp. 10–14. Hodo claims he is "actually innocent" of the crimes in this case because the Minnesota charges were dismissed and allowing his convictions in this case to stand given the dismissal is a "miscarriage of justice." Id. at 11. As mentioned above, the Eighth Circuit already determined there was sufficient proof of Hodo's conduct to admit Deputy Holt's testimony. Hodo, 2025 WL 314703, at *5. "[C]laims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to § 2255." Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003) (quoting United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981)). Therefore, it is not proper to raise this claim in a Section 2255 motion.

[¶ 15]   Furthermore, as mentioned in the previous section, the post-conviction dismissal of the Minnesota state charges is not material to Hodo's convictions and would not likely have produced an acquittal at his trial. See Hazelett, 32 F.3d at 1319–20. Therefore, this claim for relief is **DENIED** on the same grounds as the claim for Ground One.

### III.    Ground Three: Ineffective Assistance of Counsel

[¶ 16]  Hodo also asserts his counsel was ineffective for failing to raise or argue that the United States did not present the laboratory test results proving whether the pills found on April 20, 2022, in the hotel room tested positive for fentanyl and not calling the analyst who tested the pills to question that person about the results. Doc. No. 154, pp. 15–16.

[¶ 17]  The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. To be eligible for habeas relief based on ineffective assistance of counsel, a defendant must satisfy the two-part test set forth in Strickland v. Washington. 466 U.S. 668, 687 (1984). The "[f]ailure to establish either prong is fatal to a claim of ineffective assistance." Morelos v. United States, 709 F.3d 1246, 1250 (8th Cir. 2013). The first prong asks whether defense counsel's representation was constitutionally deficient. Strickland, 466 U.S. at 687–88. This requires a showing that counsel's performance fell below an objective standard of reasonableness. Id. Ordinarily, if a defendant has shown deficient performance, he must then demonstrate defense counsel's performance prejudiced the defendant. Id. at 687. "[T]here [must be] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. If the prejudice prong of the Strickland test is not met, the Court does not need to determine whether a movant satisfies the performance prong. See Young v. Bowersox, 161 F.3d 1159, 1160 (8th Cir. 1998) ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.") (citation modified).

[¶ 18]  "Judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. There is a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

Under the Strickland standard, strategic decisions made after a thorough investigation of both the law and facts regarding plausible options are virtually unchallengeable. Id. "[E]ven if there is reason to think that counsel's conduct 'was far from exemplary,' a court still may not grant relief if '[t]he record does not reveal' that counsel took an approach that no competent lawyer would have chosen." Dunn v. Reeves, 594 U.S. 731, 739 (2021) (quoting Burt v. Titlow, 571 U.S. 12, 23–24 (2013)).

[¶ 19]  In this case, Hodo's argument that his attorney failed to argue that the United States did not present the laboratory test results proving whether the pills contained fentanyl is frivolous. As referenced above, the laboratory reports from the DEA's North Central Laboratory were introduced by the United States and admitted into evidence during trial. Doc. No. 126, pp. 110–11. Special Agent Buckles testified the analyst determined the pills seized from the safe in the hotel room, the coat in the hotel room, and Jermeka Rogers's person all contained fentanyl. Id. at 110–13. Thus, it would have been frivolous for Hodo's counsel to argue there were no such reports submitted at trial and failing to raise frivolous arguments is not ineffective assistance. Strickland, 466 U.S. at 689.

[¶ 20]  Instead of challenging admission of the laboratory reports, Hodo's counsel focused on disproving the element of possession. Doc. No. 127, pp. 174–81, 187–89. His attorney's decision to stipulate that controlled substances found at some location were, in fact, a specific controlled substance is not ineffective assistance. See Lemon v. United States, 335 F.3d 1095, 1096 (8th Cir. 2003). It is a reasonable trial strategy to focus on disproving the element of possession rather than the drug type. Id. "The choice to focus on some issues to the exclusion of others carries with it a strong presumption that counsel did so for tactical reasons rather than through sheer neglect." Guzman-Ortiz v. United States, 849 F.3d 708, 714 (8th Cir. 2017).

[¶ 21]  Even if his argument was not frivolous, Hodo cannot establish any prejudice related to these strategic decisions by his attorney. The laboratory reports admitted into evidence at trial indicated the substances seized from the hotel room were mixtures containing fentanyl.[1] Doc. No. 126, pp. 110–13. Hodo makes no arguments in his motion suggesting the reports were somehow faulty or incorrect. Conclusory allegations of impropriety are insufficient in and of themselves to merit habeas relief. United States v. Robinson, 64 F.3d 403, 405 (8th Cir. 1995) (holding appellant's "vague and conclusory" allegations did not warrant an evidentiary hearing). Therefore, Hodo cannot establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

[¶ 22]  Since Hodo cannot establish any prejudice under Strickland, his claim of ineffective assistance is **DENIED**.

### IV.    Ground Four: Guideline Sentencing Range Calculation

[¶ 23]  Lastly, Hodo argues his Guideline sentencing range was incorrectly calculated as a result of the post-conviction dismissal of the Minnesota state charges. Doc. No. 154, pp. 17–25. "[O]rdinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim." Sun Bear, 644 F.3d at 704. "[I]n sentencing, a miscarriage of justice cognizable under § 2255 occurs when the sentence is in excess of that authorized by law." Id. at 706.

---

[1] To the extent Hodo argues the admission of the laboratory reports violated his rights under the Confrontation Clause, his argument lacks merit. A defendant may waive his rights under the Confrontation Clause by stipulating to the admission of evidence or by failing to object to the offending evidence. United States v. Robinson, 617 F.3d 984, 989 (8th Cir. 2010). Where the defendant is aware of a stipulation and does not object to the stipulation in court, it is presumed he has agreed with his counsel's stipulation. Id. In this case, Hodo was present at trial when the United States sought admission of the reports and his counsel did not object. Doc. No. 126, pp. 110–11. Hodo did not object either. Id. Hodo, therefore, waived any right of confrontation.

[¶ 24]  Here, the maximum penalty for Counts One and Two were both 40 years imprisonment. Doc. No. 106, ¶ 69. Hodo's sentence was 200 months, which is less than 40 years. Doc. No. 117. The maximum penalty for Count Four was 60 months. Doc. No. 106, ¶ 69. Hodo was sentenced to 60 months imprisonment, which is also not beyond the maximum. Doc. No. 117. Accordingly, Hodo cannot demonstrate a "miscarriage of justice" occurred and his claim in Ground Four is not cognizable in a Section 2255 motion.

[¶ 25]  Even if Hodo's claim was cognizable in a Section 2255 motion, he would still not be entitled to relief. "On collateral review, an error is harmless unless it results in 'actual prejudice,' that is, a 'substantial and injurious effect or influence in determining' a movant's sentence." Golinveaux v. United States, 915 F.3d 564, 569 (8th Cir. 2019) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)).

[¶ 26]  First, there was no error because the Court did not incorrectly calculate Hodo's Guideline sentencing range. As mentioned previously, the Probation Officer determined Hodo was a "career offender" pursuant to USSG § 4B1.1. Doc. No. 106, ¶¶ 22, 48. This designation determined Hodo's sentencing range, regardless of whether the adjustments for possessing a firearm and obstruction of justice were applied or not. Doc. Nos. 106, ¶ 22; 129, p. 10. As noted previously, Hodo did not object to his classification as a career offender at the sentencing hearing or on appeal. Id. at 18. Hodo fails to argue how the dismissal of the Minnesota charges would have affected the Court's determination that he was a "career offender." Consequently, his claim that the Guideline sentencing range was incorrectly calculated fails.

[¶ 27]  Second, the application of the upward adjustments for possessing a firearm and obstruction of justice were not dependent upon any conviction in Minnesota state court. To apply an upward adjustment under the Guidelines, a district court is required to find by a preponderance of the

evidence that, based on the defendant's conduct, the guideline applies. See United States v. Tyndall, 521 F.3d 877, 882 (8th Cir. 2008) (applying U.S.S.G. § 3C1.1 enhancement). Indeed, "[a] district court may use a defendant's relevant conduct in sentencing if it finds by a preponderance of the evidence that the conduct occurred, even if that conduct formed the basis of a criminal charge on which a jury acquitted the defendant." Id. at 883.

[¶ 28]   At the sentencing hearing, the Court found the evidence demonstrated by a preponderance of the evidence that Hodo possessed a firearm during the commission of the offense. Doc. No. 129, p. 9. This finding was based upon the evidence submitted at trial in this case. Id. at 5–6, 9; see also United States v. Theimer, 557 F.3d 576, 578 (8th Cir. 2009) (holding the district court may make "its findings with respect to the disputed facts based on the evidence at trial"). The Court's finding was not dependent on the disposition of the Minnesota state charges in any way. Hodo did not challenge the upward adjustment for obstruction of justice at the hearing and the Court made the requisite findings to apply the adjustment. Doc. No. 129, p. 10; see also United States v. Douglas, 646 F.3d 1134, 1137 (8th Cir. 2011) ("If a defendant objects only to the PSR's recommendation, but not to the facts themselves, the court may accept the facts as true and rely on the unobjected-to facts in determining whether to impose an enhancement.").

[¶ 29]   Since Hodo's claim is not cognizable in a Section 2255 motion and would still fail even if the claim was cognizable, his claim alleging an incorrect Guidelines calculation is **DENIED**.

## V.   Request for Hearing

[¶ 30]   28 U.S.C. § 2255 requires an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required when the claim is inadequate on its face or if the record, files, and motion conclusively demonstrate the defendant is not entitled to the relief he seeks. Anjulo-Lopez v.

United States, 541 F.3d 814, 817 (8th Cir. 2008). In this case, the record conclusively demonstrates

Hodo is not entitled to relief on any of his claims; therefore, an evidentiary hearing is unnecessary.

### CONCLUSION

[¶ 31]  For the foregoing reasons, Hodo's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc.

No. 153) is **DENIED**. The Court further **ORDERS**:

1. The Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

2. The Court finds any appeal would be frivolous, could not be taken in good faith, and may not be taken *in forma pauperis*.

3. Based upon the entire record before the Court, dismissal of the Motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. See Tiedeman v. Benson, 122 F.3d 518, 520 (8th Cir. 1997) (finding a district court possesses the authority to issue certificates of appealability under § 2255(c)). If the petitioner desires further review of his petition, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman.

[¶ 32]    **IT IS SO ORDERED.**

DATED June 15, 2026.

Daniel M. Traynor, District Judge
United States District Court

- 13 -